Case 2:13-cv-00672-JAD-PAL   Document 32   Filed 02/14/14   Page 1 of 5

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Alan R. Engel aka Ari Engel,<br><br>Plaintiff<br><br>vs.<br><br>Jan Siroky, Tom Cleary, Walter Milgroom, Arthur Goltz, Dennis Kohler, and Does 1-5,<br><br>Defendants | Case No.: 2-13-cv-00672-JAD-PAL<br><br>**Order Denying Motions for Summary Judgment** |

Plaintiff Alan R. Engel, a professional poker player, claims that Defendants Jan Siroky, Tom Cleary, Walter Milgroom, Arthur Goltz, and Dennis Kohler "acting jointly and severally," defrauded him by making unauthorized use of the "state of the art world class tournament poker training facility" that he had set up in his Las Vegas home. Doc. 1. He further alleges that the defendants caused "an unjustified" $4,900 money judgment to be entered against him in the Las Vegas Justice Court. *Id.* He asserts eight "causes of action" and prays for more than $6 million in damages. *Id.*

On July 24, 2013, pro se defendant Walter Milgroom twice filed a single-page document entitled, "Motion for Summary Judgment." Docs. 10, 19. In this document, Milgroom "requests a hearing for Summary Judgment" primarily because "Engel has no evidence of any kind showing any type of relationship between the named Defendants and Milgroom, that could even remotely be construed to be any type of conspiracy to harm him."

1

*Id.* He therefore "makes a motion for Summary Judgement." *Id.*[1] Milgroom filed a second document entitled "Motion for Summary Judgment" on October 8, 2013, Doc. 25, which merely advised the Court under Local Rule 7-2(d) that Engel had not responded to Milgroom's motion. In fact, Engel had filed an opposition to the motion just days earlier on October 4, 2013. Doc. 23.

On July 26, 2013, pro se defendant Jan Siroky followed Milgroom's playbook and (twice) filed almost an identical, single-page "Motion for Summary Judgment" as he did. Docs. 13 & 18. On October 16, 2013, Siroky filed another document entitled "Motion for Summary Judgment," but which is more properly characterized as a Rule 7-2 notice. Doc. 27. Hers came late, too, as Engel had filed his opposition to her summary-judgment request on October 4th. Doc. 24.

Having reviewed the parties filings, the Court finds these matters appropriate for submission without oral argument and denies the requests for a hearing on these motions. L.R. 78-2.

**Discussion**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). The burdens on summary judgment are key. A party seeking summary judgment bears the initial burden of informing the Court of those portions of the pleadings and discovery that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Parties moving for summary judgment must satisfy Rule 56 of the Federal Rules of Civil Procedure. Subsection (c)(1) of that rule states, "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

---

[1] The Court construes all of these pro se parties' filings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (courts must construe pro se motions and pleadings liberally); *accord, Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

affidavits or declarations, stipulations (including those made for purposes of motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  When a defendant moves for summary judgment on a plaintiff's claims "on the ground that the nonmoving party has no evidence," he or she "must affirmatively show the absence of evidence in the record." *Celotex*, 477 U.S. at 332 (internal citations omitted).  "This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence." *Id.*  "If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party." *Id.*  "If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the Court need not consider whether the moving party has met its ultimate burden of persuasion." *Id.*  Litigants must also comply with the local rules in the Court in which their matter is pending.  Local Rule 56-1 requires a motion for summary judgment to "include a concise statement setting forth each fact material to the disposition of the motion, which the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence upon which the party relies." L.R. 56-1.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).   In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. *Nissan Fire*, 210 F.3d at 1102–03. On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the

3

1  pleadings, that there is a genuine issue for trial." *Miller*, 454 F.3d at 987.  This means that the
2  nonmoving party "must do more than simply show that there is some metaphysical doubt as
3  to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
4  (1986) (footnote omitted).  The nonmoving party may not rely on the mere allegations in the
5  pleadings and instead "must set forth specific facts showing that there is a genuine issue for
6  trial." *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005) (quoting *Anderson v.
7  Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).  "A genuine dispute arises if the evidence is
8  such that a reasonable jury could return a verdict for the nonmoving party." *California v.
9  Campbell*, 319 F.3d 1161, 1166 (9th Cir. 2003); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130,
10 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for
11 plaintiffs in order to defeat the summary judgment motion.").

12       Siroky and Milgroom seek summary judgment on the simple, unsworn assertion that
13 plaintiff "has no evidence of any kind" to show a "conspiracy to harm him."  Docs. 10, 13,
14 18, 19.  Their single-page filings do not contain the statement of facts required by LR 56-1.
15 And they have failed to identify anything in the record that demonstrates the absence of
16 evidence to support Plaintiff's claims.  Siroky and Milgroom have failed to discharge their
17 initial burdens and summary judgment would be improper based upon their motions as
18 presented.

19       Engel is cautioned, however, that had Siroky and Milgroom properly discharged their
20 burden, his response likely would not have been sufficient to defeat summary judgment on
21 the conspiracy claim.  In response to their motions, Engel offered various documents,
22 including his complaint, an invoice, and a copy of a default judgment entered in the Las
23 Vegas Justice Court.  Docs. 23, 24.  His complaint is no help to him in this summary
24 judgment proceeding because "a party opposing a properly supported motion for summary
25 judgment may not rest upon mere allegation or denials of his pleading, but must set forth
26 specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
27 The nonmoving party "may not rely on denials in the pleadings but must produce specific
28 evidence, through affidavits or admissible discovery material, to show that the dispute

exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). The invoice is not properly authenticated and therefore cannot be considered. *See Orr v. Bank of Amer.*, 285 F.3d 764, 773-74 (9th Cir. 2002) (noting that a trial court can only consider properly authenticated evidence on summary judgment and detailing the proper methods of authentication of documents for consideration on summary judgment). And although the Court may take judicial notice of the fact that a default judgment was entered in the Justice Court action, it cannot consider its contents. *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). If a plaintiff fails to produce enough properly authenticated evidence to create a genuine issue of material fact as to each element of each of his claims, "the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103. Thus, Engel is cautioned that, should any defendant bring a properly supported motion for summary judgment, he will need to do more than this to defeat it. Pro se litigants must follow the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.").

**Conclusion**

Accordingly, and based upon the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Walter Milgroom's requests for summary judgment **(##10, 19, 25) are DENIED**;

IT IS FURTHER ORDERED that Defendant Jan Siroky's requests for summary judgment **(##13, 18, 27) are also DENIED**.

DATED February 14, 2014.

_____
Jennifer A. Dorsey
United States District Judge