___FILED  ___RECEIVED
___ENTERED  ___SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 1 3 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____DEPUTY

UNITED STATES DISTRICT COURT
for the
DISTRICT OF
NEVADA

ALAN R. ENGEL a/k/a ARI ENGEL,

    Plaintiff

v.

WALTER MILGROOM,

    Defendant

Civil Action:
2:13-cv 00672-JAD-PAL

Motion to Compel Plaintiff to Answer Interrogatories Before March 31, 2015

A Scheduling Conference for the parties' joint pretrial order is set for March 31, 2015, at 9:00 A.M. In LV Courtroom 3B.

There has been virtually no activity on this case in two years, including the failure of Plaintiff and Defendant to initiate any form of Discovery. Defendant Milgroom wishes to expedite the answering of 25 Interrogatories that will clarify many of the unanswered questions in this case. Although the deadline for completion of Discovery was set by the Court as November 7, 2014, no evidence has been exchanged.

Plaintiff's excuses for failure to prosecute this case are flimsy at best, and therefore I wish to initiate the Discovery so as to create some sort of record in this case, and prepare for Trial.

Defendant makes a Motion for The Court to Compel the Plaintiff to answer the following 25 Interrogatories, prior to the Hearing on March 31, 2015.

ATTORNEY PRO SE: _____
WALTER MILGROOM
1005 Cypress Ridge Lane
Las Vegas, Nevada 89144
**719-233-5180**
walter.milgroom@gmail.com

UNITED STATES DISTRICT COURT
for the
DISTRICT OF
NEVADA

| | |
|---|---|
| ALAN R. ENGEL a/k/a ARI ENGEL, ) | |
| ) | |
| Plaintiff ) | Civil Action: |
| ) | 2:13-cv 00672-JAD-PAL |
| v. ) | |
| ) | |
| WALTER MILGROOM, ) | |
| ) | |
| Defendant | |

INTERROGATORIES

All Questions are to be answered fully, truthfully, and with as much detail as possible so as to be part of the record for trial. All questions are answered under oath by Plaintiff.

1.     What is the relationship between Engel and Milgroom? When did they meet? Have they ever communicated by telephone or email? If so, show evidence of those or any conversations.

2.     Has Milgroom ever entered into any kind of agreement of any kind with Engel? If so, show evidence of that agreement.

3.     Has Plaintiff ever seen or heard Milgroom represent himself to have any relationship with Engel. If so, what evidence is there of this?

4.     Does Plaintiff have in his possession, any document with Walter Milgroom's name on it? If so, turn over copies to defendant, and explain what it is, and how it came into Plaintiff's possession.

5.     What evidence does Plaintiff have to show that Milgroom ever had any type of communication with anyone concerning Engel? In addition, what evidence does Plaintiff have that shows Defendant Milgroom ever communicated with anyone where he mentioned, referred to, or even brought up the name of Plaintiff Engel, either before or after the lawsuit was filed?

6.     How, when and where did Milgroom damage the reputation of Plaintiff Engel? To whom has Milgroom ever spoken to, emailed, or any other form of communication that might be construed to injure Plaintiff. What is the evidence of these conversations? Why is this injurious to Engel and how are the damages calculated as being a direct result of these communications?

7.    What financial documents does Plaintiff have that shows Milgroom ever received some form of benefit or actual money from any source as a result of his association with Engel or any of the named or unnamed defendants? Does Plaintiff have any evidence of any kind that shows Milgroom receiving money from any source whatsoever?

8.    Does Plaintiff Engel have any evidence of any type of communication by Milgroom with anyone, prior to Milgroom moving to Las Vegas in November 2011? Does Plaintiff Engel have any evidence of any communication with Milgroom after moving into the property in November of 2011. What is that evidence?

9.    What evidence does Plaintiff have that shows that Milgroom ever spoke with and conspired with Goltz, Koller, Siroky and or Cleary? When and where did these conversations occur? How did Plaintiff conclude that there was some sort of fraudulent scheme among some combination of these individuals?

10.   How is defendant Milgroom in any way connected to an agreement between Siroky and Cleary? Does Milgroom's name show up anywhere on any document relating to these two individuals? Does Plaintiff have any evidence showing that Milgroom received any financial gain from this or any agreement?

11.   What evidence does Plaintiff have that would indicate that Milgroom has any knowledge of Nevada laws concerning personal service of a summons, or any laws? What does Plaintiff claim to be Milgroom's role in the civil action where Cleary received a judgement against Engel? Does Engel have any evidence showing any connection between Cleary and Milgroom either before or after that judgement was issued by the Clark County Court?

12.   How did Milgroom deprive Engel of his Constitutional rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution?

13.   If Cleary received a judgement for $4943.33, in the Clark County Court, and later received that sum from Engel, why has Cleary not been served and made a part of this lawsuit? Does Plaintiff have any evidence that Milgroom received any of this judgement money, or in any way received some sort of benefit from this money? Does Plaintiff have any evidence that Milgroom and Cleary have communicated in any way since Cleary moved out in December of 2011?

14.   When Plaintiff closed the training facility after what was referred to as "Black Friday", what agreements were made concerning the facility? With whom? And what documentation was created to formalize these agreements? When and where were these agreements signed and by whom?

15.   In the Complaint filed in April 2013, page 18, paragraph (f), Plaintiff asks for a judgment in the amount of one hundred thousand dollars, but later in that paragraph asks for a greater amount of ($100,000,000.00). Which amount is Plaintiff seeking? In paragraph (g) Plaintiff asks for $300,000,000.00 and paragraph (h) Plaintiff asks for $100,000,000.00. How are Plaintiff's damages calculated?

16. What evidence is there to substantiate Plaintiff's claim that Milgroom committed 'Federal Fraud Violations upon a financial institution pursuant to Title 18 U.S.C. #1344', as alleged in the Complaint? When, where, and how was this done?

17. Does Plaintiff have a doctor's prescription for the use of Medical Marijuana? When and where was the prescription written, and by whom?

18. Did Plaintiff and Defendant Milgroom ever have any communication in any form prior to Milgroom moving to Las Vegas in 2011?

19. In paragraph 15. of the Complaint, Plaintiff claims to have rented his house to, 'an elite group consisting of Defendants... Milgroom'. Does Defendant Milgroom's name exist on any document related to said property at 8229 Aqua Spray Ave.? Why is Milgroom referred to by the term 'elite'?

20. What evidence is there that Defendant Milgroom ever discussed or represented his financial condition with anyone at anytime? What evidence does Plaintiff have of any of Defendant's finances being discussed with Plaintiff at anytime?

21. What evidence does Plaintiff have that shows that Milgroom either directly or indirectly acted to damage Plaintiff's reputation, image or 'legendary name'? What evidence does Plaintiff have that shows that Defendant Milgroom ever spoke the name Engel, to anyone at anytime?

22. What evidence does Plaintiff have that shows that Defendant Milgroom ever attempted to teach anyone, anything about poker at anytime?

23. If playing poker online in the United States, became against the law in April of 2011, and Plaintiff moved to Canada to continue playing online, how does Plaintiff establish a value for a training facility that is being closed and abandoned.

24. What evidence does Plaintiff have that shows any communication of any kind with any of the Defendant either before, during or after his occupancy at 8229 Aqua Spray Ave.?

25. In the summer of 2012, Plaintiff Engel acknowledged to Defendant Milgroom that he smoked marijuana everyday. Does Plaintiff recall this claim, and is this still true?

ATTORNEY PRO SE:

WALTER MILGROOM
1005 Cypress Ridge Lane
Las Vegas, Nevada 89144
**719-233-5180**
walter.milgroom@gmail.com